FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 0 6 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
SCOTT HASHIM,

          Petitioner,

   -against-                                  **MEMORANDUM AND ORDER**
                                                     10-CV-05305 (RRM)

DUKE TERRELL,

          Respondent.
----------------------------------------------------X

**MAUSKOPF, United States District Judge.**

Petitioner Scott Hashim files this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the petition is dismissed.

### BACKGROUND

Petitioner is currently serving a 70-month sentence at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (Pet. at 1.) Petitioner states that he had previously been incarcerated at the Federal Correctional Institution Fort Dix Low, in Fort Dix, New Jersey. (*Id.*) Petitioner requests "that the Court order[ ] Respondent to transfer Petitioner Hashim to [a] specialized institution for vocational training as an incentive for his participation in skill developing programs." (*Id.* at 5.)

### DISCUSSION

A petition challenging the manner of execution of an inmate's sentence is properly brought pursuant to 28 U.S.C. § 2241. *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Challenges to the execution of a sentence typically include matters such as "prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). However, Congress

1

has granted exclusive authority to the Attorney General (and the Bureau of Prisons) to designate the place of confinement for federal prisoners. 18 U.S.C. §§ 3621, 4082. The Bureau of Prisons ("BOP") has "sole discretion" to determine the facility in which a federal prisoner should be placed. *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995). In fact, the BOP's discretion in making classification decisions is "virtually unfettered." *Gissendanner v. Menifee*, 975 F. Supp. 249, 251 (W.D.N.Y. 1997) (citation omitted). Thus, Petitioner does not have a right to be relocated, and petitioner's confinement to any particular facility is within the sole discretion of the BOP.

## CONCLUSION

Accordingly, the petition is dismissed for lack of jurisdiction. A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December _/_, 2010

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge